**UNITED STATES of America**

**v.**

**Victor Manuel GERENA, et al.**

**No. Cr. H–85–50 (TEC).**

United States District Court,
D. Connecticut.

June 3, 1987.

See also, D.C., 653 F.Supp. 974, 662 F.Supp. 1218, 662 F.Supp. 1260, 662 F.Supp. 1265.

Albert S. Dabrowski, Carmen E. Van Kirk, John A. Danaher, III, Stanley A. Twardy, Jr., U.S. Attys., David D. Buvinger, William J. Corcoran, Trial Attys., U.S. Dept. of Justice, Hartford, Conn., for plaintiff.

Juan R. Acevedo, Hartford, Conn., for Norman Ramirez Talavera.

Harold Meyerson, New York City, for Ivonne Melendez Carrion.

Diane Polan, New Haven, Conn., for Elias Castro Ramos.

James Bergenn, Shipman & Goodwin, Hartford, Conn., for Carlos Ayes-Suarez.

Richard Reeve, Asst. Federal Public Def., New Haven, Conn., for Isaac Camacho-Negron.

Linda Backiel, Philadelphia, Pa., for Antonio Camacho Negron.

Leonard I. Weinglass, New York City, for Juan E. Segarra-Palmer.

William M. Kunstler, New York City, for Fiiberto Ojeda Rios.

Michael Avery, Avery & Friedman, Boston, Mass., for Jorge Farinacci Garcia.

Margaret P. Levy, Hartford, Conn., for Angel Diaz Ruiz.

Michael Deutsch, Chicago, Ill., for Orlando Gonzalez Claudio.

John Williams, New Haven, Conn., for Hilton Fernandez-Diamante.

Ronald L. Kuby, New York City, for Luis Colon Osorio.

Robert J. Maldonado-Rivera, pro se.

F. Mac Buckley, Buckley & Santos, Hartford, Conn., for Paul Weinberg.

Jacob Wieselman, Hartford, Conn., for Luz Berrios-Berrios.

RULING ON DEFENDANTS' "STANDING" TO CHALLENGE THE ADMISSABILITY OF EVIDENCE SEIZED AT THE FORMER RESIDENCE OF AVELINO GONZALES CLAUDIO, LOCATED AT CALLE LA CORTE, RFD-3, BUZON 512A, BARRIO TORTUGA, RIO PIEDRAS, PUERTO RICO

CLARIE, Senior District Judge.

Defendants Orlando Gonzales Claudio, Hilton Fernandez Diamante, and Jorge Farinacci Garcia each claim standing to challenge the legality of the August 30, 1985 search of the former residence of fugitive defendant Avelino Gonzales Claudio, the brother of defendant Orlando Gonzales Claudio.[1] Each defendant claims to have had, at the time of the search, a reasonable expectation of privacy in these premises (hereinafter "Barrio Tortugo"). The Government disputes each claim. The Court finds that no defendant has standing with regard to this location.

### Discussion

A.  Defendants Hilton Fernandez Diamante and Jorge Farinacci Garcia

■  Defendants Hilton Fernandez Diamante and Jorge Farinacci Garcia claim standing at the Barrio Tortuga residence on the grounds 1) that they worked with Avelino Gonzales at his print shop;[2] 2) that Avelino Gonzales frequently took work from his print shop home with him thus allegedly establishing his residence as a "suboffice" of the print shop; 3) that they have standing to contest the search of the print shop and therefore its suboffice; 4) that the Government alleges that they and Avelino Gonzales are joint conspirators in the Wells Fargo robbery; 5) that the Government alleges that they are all members of the secret, clandestine organization known as "Los Macheteros"; 6) that members of the organization generally conducted themselves in a highly secret and private manner; and 7) that they expected that the Barrio Tortugo residence would remain safe and secure from Government intrusion. *See Affidavit Regarding Standing of Defendant*, filed [on behalf of defendant Hilton Fernandez Diamante] February 17, 1987, pp. 2–5; *Affidavit Regarding Standing of Defendant Jorge Farinacci Garcia*, filed February 17, 1987, pp. 4–6; *Transcript of Proceedings of January 30, 1987*, pp. 13–33 (remarks of Attorney Williams).

The defendants do not allege that they lived at the Barrio Tortugo location, that they held any property or proprietary interest in the premises, or even that they ever visited the residence. The defendants do

---

1.  Avelino Gonzales Claudio lived at the Barrio Tortugo residence with his wife and children.

2.  Avelino Gonzales allegedly owned and worked at the Talleres Alborada print shop, located at Amalia Marin # 14, Santa Rita, Rio Piedras, Puerto Rico.

not claim that they possessed a key to this location, or that they had the right to exclude others from it. They do not claim that any documents or other materials seized from the residence belonged to them or were materials over which they had any control or responsibility.

Defendants bear the burden of establishing Fourth Amendment standing. *Rakas v. Illinois,* 439 U.S. 128, 131 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978); *See United States v. Ramapuram,* 632 F.2d 1149, 1154 (4th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981) ("it devolves upon one seeking suppression of incriminating evidence to establish as a threshhold matter the existence of a reasonable expectation of privacy"). They are required to allege the basis for their standing claim. *Jones v. United States,* 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960). *See Preliminary Ruling on Defendants' "Standing",* signed January 30, 1987 (requiring the defendants to particularize their standing claims). For standing purposes, defendants must allege 1) that they personally sought to preserve the area searched as private, and 2) that their expectation of privacy in the location was objectively reasonable. *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979). *See United States v. Manbeck,* 744 F.2d 360, 374 (4th Cir.1984), *cert. denied, O'Hare v. United States,* 469 U.S. 1217, 105 S.Ct. 1197, 84 L.Ed.2d 342 (1985) ("[a]t most, an interest in the items found may be a factor considered when deciding whether there is a privacy interest in the area searched"); *United States v. Smith,* 621 F.2d 483, 486 (2d Cir.1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981) ("a defendant is obliged to show that he had a legitimate expectation of privacy in the area searched before he can invoke the protection of the Fourth Amendment"); *United States v. Vicknair,* 610 F.2d 372, 379 (5th Cir.1980), *cert. denied,* 449 U.S. 823, 101 S.Ct. 83, 66 L.Ed.2d 25 (1980) (the defendant's interest must be personal in nature rather than derivative of a collective interest). The Court finds that the defendants' allegations do not amount

to a legally sufficient standing claim under either prong of this test.

The defendants have failed to allege any personal ties to the Barrio Tortugo residence, let alone that they personally sought to preserve anything there as private. Furthermore, their professed subjective expectation that the location would remain safe and secure is not one society is prepared to accept as reasonable. *Smith v. Maryland,* 442 U.S. at 740, 99 S.Ct. at 2580; *Rakas v. Illinois,* 439 U.S. 128, 143 n. 12, 99 S.Ct. 421, 430 n. 12, 58 L.Ed.2d 387 (1978). Rather, the defendants' allegations amount to no more than a claim that they worked with Avelino Gonzales and hoped that incriminating evidence that Avelino kept at his home would remain out of the hands of the Government. This is entirely insufficient to confer standing. *Id.* at 143 n. 12, 99 S.Ct. at 430 n. 12; *United States v. McHugh,* 769 F.2d 860, 864 (1st Cir.1985). The fact that the defendants worked together at the print shop does not advance their claim with regard to the residence. *United States v. Bush,* 582 F.2d 1016, 1019 (5th Cir.1978); *United States v. Cella,* 568 F.2d 1266, 1283 (9th Cir.1977); *United States v. Britt,* 508 F.2d 1052, 1055 (5th Cir.1975), *cert. denied,* 423 U.S. 825, 96 S.Ct. 40, 46 L.Ed.2d 42 (1975). The Court therefore concludes that defendants Fernandez Diamante and Farinacci Garcia lack standing to seek the suppression of evidence obtained as a result of the search of the Barrio Tortugo residence.

**B. Defendant Orlando Gonzales Claudio**

▮ Defendant Orlando Gonzales Claudio claims standing at the Barrio Tortugo residence alleging 1) that Avelino Gonzales is his brother; 2) that they worked closely together over the years on various activities in furtherance of the Puerto Rican independence movement; 3) that they had a close relationship together; 4) that he visited Avelino's home on numerous occasions often with his own wife and children; 5) that he and his children would sometimes stay overnight at Avelino's home; 6) that his and Avelino's families were closely-knit; and 7) that he kept clothing and personal papers at the Barrio Tortuga residence

which he expected would remain private. *See Affidavit Regarding Standing of Defendant Orlando Gonzales Claudio,* undated, p. 2 and exhibit A; *Transcript of Proceedings of January 29,* 1987, pp. 196–201 (remarks of Attorney Deutsch). The Court concludes that, given the alleged closeness of the extended family and the alleged frequency of the defendant's visits, these allegations are sufficient to establish a colorable standing claim on behalf of the defendant Orlando Gonzales. This, however, does not end the Court's inquiry.

██ Where the Government reasonably contests a defendant's allegations of standing,[3] the defendant bears the burden of proving the merits of his or her claim. Because defendant Orlando Gonzales has made out a colorable standing claim, he is entitled to a hearing in order to afford him the opportunity to meet his burden. The defendant, however, has declined to avail himself of this opportunity, and has chosen to rely solely on his affidavit and legal argument to substantiate his claim. *Transcript of Proceedings of April 29, 1987,* pp. 59–60 (remarks of Attorney Deutsch). Pursuant to Rule 12(f), the defendant has thereby waived his right to a hearing.

Although the defendant's affidavit presents a colorable claim, the defendant's unsubstantiated allegations, without more, are insufficient, in the face of the Government's reasonable objection, to satisfy the defendant's burden of proving an adequate foundation on which the Court could properly conclude that the defendant's alleged interests are protected under the Fourth Amendment. By insisting on sole reliance on his affidavits and legal argument, the defendant has declined to embrace and meet his Fourth Amendment responsibilities. His standing must therefore be denied.

**3.** ˙ The Government has timely objected to the defendant's claim of standing with regard to the Barrio Tortugo residence. *Government's Consolidated Response to Defendants' Assertions of Standing,* filed March 3, 1987, pp. 4–5; *Government's Consolidated Response,* filed January 5, 1987. The Government's objection is reasonable. *See Transcript of Proceedings of January 29, 1987,* pp. 208–209. *See also Motion to Sup-*

*Conclusion*

The standing of defendants Jorge Farinacci Garcia and Hilton Fernandez Diamante to seek the suppression of evidence at the former residence of fugitive defendant Avelino Gonzales Claudio is denied. The standing of defendant Orlando Gonzales Claudio to challenge this location is also denied.

SO ORDERED.

*press Evidence Obtained from Search of Residence at Barrio Tortugo,* filed [on behalf of all defendants and on behalf of defendant Orlando Gonzales Claudio] December 22, 1986, p. 3 ("at the time [of the search] Avelino Gonzales Claudio no longer resided at Barrio Tortugo and had not lived there for a period prior to the submission of the affidavit and execution of the search").